### REED v. SACKETT.

No. 18820. Opinion Filed Jan. 22, 1929.

Gasper Edwards, for plaintiff in error.

Loyal J. Miller, for defendant in error.

BENNETT, C. James G. Sackett, an abstracter, sued James Reed in justice court July 23, 1924, for recovery of $20.50, balance due on account for an abstract prepared in March of the same year. Reed answered by general denial and counterclaimed against Sackett for $69, for 138 abstracts at 50 cents each, which defendant says he paid for but which Sackett refused to deliver according to contract. Parties will be referred to as plaintiff and defendant as they appeared below.

With respect to the counterclaim, it seems that, on May 3, 1910, James Reed employed for cash in hand James G. Sackett to prepare 150 abstracts on lots in Reed's addition to Oklahoma City, at 50 cents each, 12 of the abstracts being furnished at the time. No other abstracts were furnished or demanded until more than 14 years later; about July, 1924, and after this suit was filed, Reed demanded of Sackett the remaining 138 abstracts. It was claimed by Reed that plaintiff, Sackett, was to deliver the remainder of the abstracts upon demand of Reed, as and when he should need same, and in support thereof he introduced a receipt for the abstracts, indicating that they would be furnished when they should be needed, and Reed testified to same effect. On the contrary, plaintiff, Sackett, testified that the original understanding was that said abstracts should be called for by, and should be delivered to, Reed within a year from date of the contract.

Plaintiff denied defendant's counterclaim, and pleaded the statute of limitations. There were successive appeals by defendant from justice court to district court, and from the latter court to this court. The evidence on counterclaim is consistent as to time of making the contract, the consideration paid, and the number of abstracts furnished, but there is sharp conflict as to whether or not such original contract called for delivery of the abstracts within a year. And as to plaintiff's demand, there was a further conflict in the testimony as to whether or not the charges made for preparing the abstract on the farm were lawful. Defendant claimed that these charges violated the provisions of section 3616, C. O. S. 1921, and there was

a further conflict as to whether or not the defendant was entitled to a counterclaim, and this seems to depend upon: First, whether the plaintiff complied with his contract in the first instance; and, second, whether, if he did not comply with it, the counterclaim is barred by statute of limitations.

1. Plaintiff swore that he prepared and had printed the 150 abstracts for defendant, and delivered 12 of them, and that nothing was necessary for completion of the others save his signature, and that he kept said abstracts on hand for defendant at all times during said year; and that, in fact, he kept 112 of the abstracts on hand for more than 14 years following date of their preparation, but that they were never called for by defendant; that nothing was ever said to him about them, and the proof is that James Reed never sold any of the property, and never mentioned the abstracts to the plaintiff until after the bringing of this suit by plaintiff; that the amount of the bill for such farm abstract was $45.50, and that soon after preparation and delivery of same, defendant paid plaintiff $25 thereon and never at any time questioned his bill or asserted any claim against the plaintiff until about the time of the trial of this case. It might be stated further that the plaintiff offered to turn over the 112 abstracts, which he had kept on hand, to defendant, and certify them as he was required to do, and as of the date of the original contract, but would not extend the investigation and certify the same through 14 years following the expiration of the year and down to date, and it seems upon this ground the defendant refused to accept same and now demands $69, the value of 138 abstracts.

Defendant asserts that the contract was indefinite as to the date of delivery, and that the abstracts were to be delivered to him as and when he needed and demanded same. The court found generally for plaintiff, and the finding must of necessity have included a determination of the question as to which of the parties was correct in his contention as to the time of delivery of the abstracts, and the finding thereon is not only supported by positive evidence, but by reason as well, and on which account the same will not be disturbed.

2. The second point is as to whether or not the charges made for preparation of the abstract dated March 24, 1924, conformed to the law. The abstract was before the court; was examined and testified to by the witnesses and observed by the trial judge.

This abstract seems to have involved 90 pages, 53 pages of which were prepared and certified to by the plaintiff, and 37 pages of which were recertified to by plaintiff under a request either by the defendant, or by one authorized by him to make the request, in order that the entire abstract might be certified straight through to meet the requirements of an attorney of a party to whom defendant had agreed to sell the land covered by said abstract. The plaintiff testified that his charge was 50 cents per page for the part of the abstract originally prepared by himself, and 25 cents per page for the recertification of the first 37 entries prepared by another, and that his bill of $45.50 was made up of the following charges: 53 entries at 50 cents per entry, $26.50; recertifying 37 entries, $9.25; two certificates at $3 each; and a certificate as to the federal court, $3.75, which makes up the $45.50. There was paid on this by defendant $25. Defendant simply calls attention to section 3616, C. O. S. 1921, and without favoring us with a calculation based thereon contends that the account represents an overcharge. Section 3616, supra, provides for the following fees: For the first entry of transfer on the abstract, 75 cents; for each subsequent entry of transfer, 35 cents; for entry of certificates relating to taxes, 15 cents; for entry of certificate relating to mechanics' liens, 15 cents; for certificate as to judgments, which may constitute a lien on real estate abstracted, 35 cents; 15 cents for each name certified to; for synopsis of court records or proceedings, 30 cents per folio. * * *

On cross-examination, defendant developed the fact that each of the pages in the abstract contained on an average 150 to 175 words. The word "folio", when used in connection with legal documents, means a certain number of words, and under the dictionary and decisions that number varies from 72 to 100; in the United States, generally 100. Webster's New International Dictionary; In re Murtaugh, 128 N. Y. S. 850, 71 Misc. Rep. 513. If the pages of the abstract included or certified to by plaintiff and payable upon a folio basis contained 175 words each, the charge for such pages at 50 cents per page was under rather than over the legal charge. The details of this overcharge are not argued in the brief of defendant. If the abstract had been included in the proof we could have figured out with exactness the amount due. Plaintiff swore to the charges; swore that they were proper and regular. There is nothing showing how many names were certified to, nor whether

judgment or mechanics' liens were certified against, and from our computation it appears that the judgment of the lower court as to the amount of plaintiff's recovery is about right, and we so hold.

3. The third point argued is that the defendant's claim is not barred by the statute of limitations under section 274, C. O. S. 1921. It is not needful that we should pass on this question, for, assuming that the statute is not a bar, we hold that under the court's finding, and under the plaintiff's contract, he has done all that he was to do or could do. He prepared and had printed 150 abstracts ready for signature and delivery, and kept them throughout the year, and, in fact, kept 112 of them for more than 14 years ready to deliver to the defendant, who never needed them, never called for them, never sought to recover back his payment. The defendant even now refuses to accept the 112 abstracts unless and until the plaintiff shall certify them down to date, including the examination of title of this real estate for a period of 14 or 15 years, and for the payment of which he was to pay the sum of 50 cents each, which is exactly one-sixth of the amount necessary to pay for the final certificate of an abstract under the proof.

These undelivered abstracts could be of no service to plaintiff, and we are convinced that but for this lawsuit, the question of their delivery would never have been raised.

From an examination of the entire record, we are satisfied that the court below entered a proper judgment, and since his judgment seems to be properly supported, the same should be and is in all respects affirmed.

DIFFENDAFFER, HERR, TEEHEE, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Abstracts of Title," 1 C. J. §7, p. 367, n. 36; "Appeal and Error," 4 C. J. §2728, p. 779, n. 76; §2853, p. 879, n. 83; "Folio," 26 C. J. §2, p. 746, n. 19.